IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASYN L. STEWART                                                                                                                      PLAINTIFF

v.                                   Civil No. 5:25-cv-05265-TLB-CDC

CASSIE RIDENOURE                                                                           DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to United States District Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). For the reasons given below, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

Plaintiff Jasyn L. Stewart is currently incarcerated at the Benton County Detention Center ("BCDC"). On December 19, 2025, he filed this Complaint against Cassie Ridenoure, who he says is the BCDC's commissary provider. *See* ECF No. 1, p. 2. Plaintiff alleges that Ms. Ridenoure repeatedly allowed him to purchase nicotine products even though he was younger than

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

21 years old. *See id.* at 3–5. He further alleges that on November 4, 2025, he overdosed on nicotine while he was in BCDC and had to be taken to the hospital, and that he is now being denied nicotine because of his age but feels chemically dependent on it. *See id.* at 4–5. Plaintiff's Complaint does not specify which federal constitutional or federal statutory right of his he believes has been violated by these events. *See id.* at 3. Nevertheless, Plaintiff seeks $100,000.00 in compensatory damages, as well as punitive damages, for his alleged injuries. *See id.* at 9.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978).  To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  But, as noted above, Plaintiff's Complaint does not specify which federal constitutional or federal statutory right of his he believes has been violated by these events.  Rather, it simply states that "[t]he law in Arkansas says no one can sell nicotine to any one under 21 years of age."  *See* ECF No. 1, p. 3.

The Food, Drug, and Cosmetic Act ("FDCA") is a federal law that sets the nationwide minimum age to purchase tobacco at 21 years of age.  *See* 21 U.S.C. § 387f(d)(3)(A)(ii) and (5).  However, importantly, "the FDCA does not provide for a private right of action to enforce its provisions."  *Jones v. Hobbs*, 745 F. Supp. 2d 886, 889–90 (E.D. Ark. 2010) (citing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001)).  So if Plaintiff's Complaint is construed as asserting violations of the FDCA as a cause of action, his claim cannot proceed as a matter of law.  And as for his generic reference to Arkansas law, the Eighth Circuit has repeatedly held that "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983."  *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1983).

### IV.   CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner

is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **9th day of February 2026**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE